IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FRANKIE D. BARNES,**                                                                                    **PLAINTIFF**

**vs.**                                           **CIVIL ACTION NO.: 4:12cv121-SA-SAA**

**BOLIVAR COUNTY JAIL,** *et al.***,**                                                   **DEFENDANTS**

### ORDER GRATING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, proceeding pro se and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 alleging that Defendants failed to protect him from an attack by another inmate. The Bolivar County Jail, Chief of Security Anderson Johnson, Sergeant Larry Fitzgerald, Sheriff Kevin Williams, and Captain Lilly Pace are named as defendants in this action, and they have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has since responded to the motion. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendants' motion should be granted, for the reasons that follow.

**Relevant Facts and Allegations**

Following his conviction for armed robbery, Plaintiff was sentenced to eight years in the custody of the Mississippi Department of Corrections. He was housed at the Bolivar County Correctional Facility ("BCCF") at the time of the incidents giving rise to his complaint. Plaintiff was initially housed in cell block C, but he was transferred to another cell block - identified by him as "county holding" - after he was involved in two separate physical altercations with fellow inmates. Plaintiff states he submitted a transfer request and explained that he was uncomfortable

1

around the inmates in county holding. Specifically, Plaintiff maintains that he requested to be moved out of county holding because he did not know anyone there and felt uncomfortable around the inmates. (*See* Mot. Summ. J., Ex. A, Pl. Dep. at 10-17).

Plaintiff states that on or about March 8, 2012, he was banging on the door of the cell block trying to get the attention of Chief Johnson or the warden to ask about his transfer request. (*Id*. at 17-18). He alleges that fellow inmate Michael Diggs told him, "Frankie Barnes, you ain't never going to learn until somebody get on your ass." (*Id*.). In response, Plaintiff maintains he stated to Diggs: "If you going to do something, you might as well do it now." (*Id*. at 19). Plaintiff states that Diggs did not say anything in response, and Plaintiff went to his cell, where he remained for five to ten minutes. (*Id*. at 20).

Plaintiff reports that after he left his cell, he went to a common area and sat down to watch the ten o'clock news. (*Id*.). He maintains that while he was watching television, Diggs microwaved a mixture of hot water and toothpaste and threw it on Plaintiff. (*Id.*). He alleges that Diggs also hit him on the finger with a lock. (*Id*. at 20-21). Plaintiff maintains that a minute or so later, officers came into the cell block and broke up the altercation. *(Id*. at 23). Plaintiff was immediately taken to the emergency room, where he was treated and returned to BCCF. (*Id.* at 24).[1] At around 9:00 a.m. the next morning, Plaintiff was transported by BCCF to a burn center in Jackson, Mississippi, where he received skin grafts to his face. (*Id*. at 26-27). After his treatment ended, he was transferred to a prison facility in Woodville, Mississippi. (*Id*. at 20-29). Plaintiff maintains that he has a "mark" from the burn that is partially hidden by his hairline, and

---

[1] Plaintiff estimates that he arrived at the emergency room within fifteen minutes after his altercation with Diggs. (*Id*. at 23-24).

that he has now been prescribed glasses to wear that allow him to see things at a distance, as his left eye was damaged during the incident. (*Id*. at 27-28, 38). He is no longer receiving any treatment for the burn. (*Id*. at 29).

## Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Because Plaintiff is proceeding pro se, his pleadings are construed liberally. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972).

## Discussion

Plaintiff alleges that Defendants failed to protect him from an attack by a fellow inmate in violation of his Eighth Amendment rights. Specifically, he alleges that Defendants failed to place him in protective custody, which led to the attack by Diggs. Defendants maintain that they had no notice of any problem between the two inmates or any knowledge of a specific risk to Plaintiff. They argue that they are entitled to judgment as a matter of law.

### A. Qualified Immunity

Defendants maintain that they are entitled to summary judgment as to Plaintiff's claims against them in their individual capacities on the basis of qualified immunity. Qualified Immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established constitutional rights of which a "reasonable person would have known." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). A two-step analysis is applied to resolve claims of qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). First, the Court views the evidence in the light most favorable to the plaintiff and determines whether evidence exists that the individual defendants violated the plaintiff's constitutional rights. *Id*. If evidence of a violation is found, the Court must "consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id*. (citation omitted). A defendant's actions are deemed "objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the conduct at issue violated" clearly established law. *Thompson v. Upshur County Texas*, 245 F.3d 447, 457 (5th Cir. 2001) (citation omitted) (emphasis in

original).

The Court's first question in the qualified immunity analysis asks whether evidence exists that the individual defendants violated Plaintiff's constitutional rights in failing to protect him against Michael Diggs. Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citation omitted). However, a prison official violates the failure to protect under the Eighth Amendment only when the inmate shows that "he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (internal quotation marks omitted). An official acts with "deliberate indifference" is he is aware of an excessive risk to inmate safety and disregards that risk. *Longoria*, 473 F.3d at 592. The standard is akin to "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Negligent failure to protect will not support the finding of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Plaintiff asserts that he had a generalized fear of being housed in the county holding area, and that he communicated this fear to Defendants verbally and through formal requests. However, Plaintiff admitted in his deposition testimony that he did not alert jail officials to a specific problem or fear of any particular inmate(s). (Mot. Summ. J., Ex. A, Pl. Dep. at 13-17). In fact, Plaintiff concedes that he did not have any problems with Michael Diggs prior to the incident giving rise to this suit, and he admits that he was surprised when Diggs attacked him. (*Id.* at 17-19; 21). There is no evidence in the record to support a finding that Defendants knew Plaintiff was under a threat of harm and ignored the threat by failing to move him to protective

5

custody. Plaintiff's voiced fears about being in county holding were vague and unspecific, and he did not alert jail officials to any particular threat. These fears are insufficient to determine that Defendants should have inferred a risk to his safety, much less that Defendants actually "did draw such an inference" as required for a finding of deliberate indifference. *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003) (emphasis omitted).

Plaintiff was moved to county holding after he was involved in two separate altercations with inmates in cell block C. There is no proof that Defendants failure to transfer Plaintiff back to cell block C prior to the attack by Diggs was objectively unreasonable, and, in fact, Plaintiff's prior interactions with inmates there provides support for Defendants' decision not to return Plaintiff to that cell block. Defendants Anderson Johnson, Larry Fitzgerald, Kelvin Williams, and Lilly Pace are entitled to qualified immunity, and the claims against them will be dismissed.

**B. Bolivar County**

The Court construes Plaintiff's claim against the Bolivar County Jail as a claim against Bolivar County.[2] Additionally, to the extent that the individually named defendants are sued in their official capacities, Plaintiff's suit is against the county itself. *Turner v. Houma Mun. Fire and Police Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

Because there is no evidence that would create a genuine issue of material fact as to whether Plaintiff suffered a constitutional violation, Bolivar County is entitled to summary judgment, as well. Moreover, there is no respondeat superior liability under § 1983 for governmental entities. *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) . In

---

[2] Plaintiff's suit against the Bolivar County Jail - the Bolivar County Correctional Facility - is not against a legal entity capable of being sued. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991).

order to assert municipal liability under § 1983, a plaintiff must show that a policymaker promulgated a policy, whether official or established through custom or practice, that was the moving force behind a violation of his constitutional rights. *See Hampton Co. Nat. Sur., LLC v. Tunica County, Miss*., 543 F.3d 221, 227 (5th Cir. 2008). In this case, there is no evidence of a a policy that caused a deprivation of Plaintiff's Eighth Amendment rights, and the County is entitled to summary judgment.

## Conclusion

Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to whether any of the named Defendants violated his Eighth Amendment rights. Accordingly, Defendants' motion for summary judgment (doc. entry no. 40) is **GRANTED**, and the instant action is **DISMISSED WITH PREJUDICE**. A separate judgment in accordance with this Order will enter today.

**SO ORDERED** this the 22nd day of January, 2014.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**